IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PATRICIA GATSON                                                          PLAINTIFF

VS.                              Case No. 04-CV-1093

JIM PRIDE and H & R BLOCK, Inc.                                       DEFENDANTS

## MEMORANDUM OPINION

This lawsuit involves Patricia Gatson's allegations of racial discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.) by Defendants Jim Pride and H & R Block, Inc. Two motions are before the Court[1]: Separate Defendant Jim Pride's ("Pride") Motion to Dismiss. (Doc. 8) and H & R Block, Inc.'s ("H & R Block") Motion to Dismiss (Doc. 27). Gatson has responded to Pride's Motion (Doc. 12) and to H & R Block's Motion (Doc. 30). The Court finds these motions ripe for consideration.

### I.     Procedural Background

Initially, there was some confusion about the entity or entities Gatson intended to sue. In Gatson's pro se complaint, she listed the parties as "Pride H & R Block." Magistrate Judge Bobby Shepherd directed service on both Jim Pride and H & R Block, Inc., at Pride's business address in Pine Bluff, Arkansas. Pride then filed an answer to Gatson's complaint, but H & R Block, Inc., did not, so the Clerk of the Court entered a default against H & R Block, Inc., for failing to answer or otherwise respond to the complaint. H & R Block moved to set aside this default, and this Court granted the motion, set aside the default, and referred the matter to Judge Shepherd to properly effect service on H & R Block, Inc. Judge Shepherd submitted an addendum and questionnaire to Gatson so the Court could determine which entity or entities Gatson intended to sue. Gatson returned the addendum and, based on her responses, the

---

[1]     The Court can resolve both motions in a single Memorandum Opinion and Order.

-1-

Magistrate Judge directed service on H & R Block, Inc., this time through its agent for service of process in Kansas City, Missouri.

Instead of filing an answer, H & R Block has moved for dismissal of Gatson's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and alternatively for failure to state a claim pursuant to Rule 12(b)(6). Pride has moved for the dismissal of Gatson's complaint for failure to state a claim, pursuant to Rule 12(b)(6).

Because Pride supported its motion with affidavits that are helpful to the resolution of its motion, this Court exercised its discretion to construe Pride's motion to dismiss as one for summary judgment. On August 1, 2005, this Court issued an order advising the parties that the motion to dismiss would be considered as a motion for summary judgment and directing the parties to submit any additional materials to be considered on the motion by August 22, 2005.[2] On August 15, 2005, Gatson submitted additional materials in support of her motion, including a check stub and W-2 Wage and Tax Statement for 2004, a letter from Hope V. Bean addressed to a Mrs. Alvern Kinley, and a letter informing the recipient of the date and time for an update class.[3]

**II.     Standards of Review**

In ruling upon a Rule 12(b)(6) to dismiss, the Court is required to accept the factual allegations of Gatson's Complaint as true. Grissom v. Waterloo Industries, Inc., 902 F.Supp. 867, 868 (E.D.Ark. 1995)(citations omitted). The Court may grant the motion only if, after so viewing the pleadings, it is patently clear that there is no set of facts that Gatson could prove thereunder which would entitle her to the relief sought in the Complaint. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.1995). Rule 12(b) also provides that when a party submits additional matters in support of or in opposition to a motion to dismiss for failure to state a claim, the court may (if the additional matters are not excluded by the court) treat the motion as

---

[2]     (Doc. 31).

[3]     (Doc. 33).

one for summary judgment pursuant to Rule 56.

The standard of review for summary judgment is familiar and well established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Krenik v. County of Le Sueur, 47 F.3d 953 (8th Cir. 1995). The Supreme Court has issued the following guidelines to help determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial . . . whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Agristor Leasing v. Farrow, 826 F.2d 372 (8th Cir. 1987); Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986).

The burden of proof is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Id., citing Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The Eight Circuit Court of Appeals, in Scheer Const. Co. v. Greater Huron Development Corp., 700 F.2d 463, 465 (8th Cir. 1983), quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981), in a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial.

Under Rule 12(b)(2), when personal jurisdiction is challenged, the plaintiff has the burden to show that jurisdiction exists. Rebsamen Ins., Inc. v. Mutual Holdings (Bermuda)

Ltd., 228 F.R.D. 637, 640 (E.D.Ark. 2005)(citations omitted). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. Id. The party seeking to establish the court's in personam jurisdiction carries the burden of proof and the burden does not shift to the party challenging jurisdiction. Id. When considering whether personal jurisdiction exists under a state's long-arm statute, it is permissible to consider matters outside the pleadings. Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998).

**III.** **Discussion**

**A. The evidence before the Court shows that H & R Block, Inc., has insufficient contacts with the State of Arkansas for this Court to exercise personal jurisdiction over it.**

Sufficient contacts exist for personal jurisdiction purposes when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice. Rebsamen Ins., Inc., 228 F.R.D. at 640. In assessing the defendant's "reasonable anticipation," there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. Id. The Eighth Circuit uses a five factor test to determine the sufficiency of the defendant's contacts: (1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties, the first three factors being the most important. Id.

The non-controverted evidence shows that H & R Block has insufficient contacts with the State of Arkansas and this Court is without personal jurisdiction over it. H & R Block, Inc., is a holding company, conducts no business directly, and is not a franchisor of Pride or other tax offices.[4] H & R Block does not provide goods or services to consumers in the State of

---

[4] See Aff. of Bret G. Wilson ¶ 4.

Arkansas, and it is not authorized nor does it conduct business in the State of Arkansas.[5] H & R Block is not engaged in sales activities and does not advertise in Arkansas.[6] H & R Block does not own any real property or other property in the State of Arkansas and does not have telephone listings or bank accounts in the State of Arkansas.[7] H & R Block has not entered into any agreement with Pride, does not have any policy or procedure guidelines under which Pride could operate, and has not entered into any agreement with Gatson and did not hire her to prepare any tax returns.[8] The franchise agreement that Pride operated under was entered into between H & R Block Eastern and Pride, Inc.[9] Plaintiff has offered no proof that H & R Block Eastern is merely H & R Block's alter ego. Plaintiff's proof is insufficient to show the nature, quantity or quality of H & R Block's contacts with the State of Arkansas. Pursuant to Rule 12(b)(2) the Court finds H & R Block's Motion to Dismiss for Lack of Personal Jurisdiction should be and hereby is granted.

### B. Pride does not meet the Title VII definition of "employer."

The dismissal of H & R Block leaves Pride as the only defendant in this lawsuit. Pride argues that it cannot meet Title VII's definition of an employer, so Gatson cannot prove any set of facts entitling her to relief against it. The Court agrees. Pride has attached two affidavits to its motion to dismiss, listing its quarterly employee reports for the years 2003 and 2004. Pride also argues that he is sued in his individual capacity, and persons cannot be individually liable under Title VII. Pride contends that Pride Incorporated, is the only entity which had any

---

[5] Id. ¶¶ 5-6.

[6] Id. ¶ 6.

[7] Id. ¶ 7.

[8] Id. ¶ 9.

[9] See H & R Block, Inc.'s Mot. to Dismiss, Ex. B.

employment relationship with Gatson.[10]

Gatson responds, arguing that when she was hired she responded to a newspaper advertisement stating that tax preparers were needed for H & R Block, she was sent to school for H & R Block, and she was never told that she was working for Pride, Inc. (Instead of H & R Block). Title VII makes it unlawful for an employer to discriminate against an employee because of that employee's race. 42 U.S.C. § 2000e. An employee is defined as an individual employed by an employer. 42 U.S.C. 2000e(f). Title VII defines an employer as:

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. 42 U.S.C. § 2000e(b).

To be liable under Title VII, Pride must be considered Gatson's employer, within this statutory definition. Pride's affidavits listing its quarterly employee reports show that it did not employ fifteen or more employees for each working day for twenty or more calendar weeks for the years 2003 and 2004. Gatson has not presented any evidence to the contrary or identified specific facts that raise a genuine issue of fact for trial.

### IV. Conclusion

For the reasons discussed herein the Court finds the Motions to Dismiss should be and hereby are **granted**. This lawsuit is hereby **dismissed with prejudice** as to Jim Pride and **without prejudice** as to H & R Block, Inc. A judgment of even date consistent with this Opinion will issue.

**IT IS SO ORDERED** this 24th day of August, 2005.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Judge

---

[10] The Court will assume for purposes of this Order that Separate Defendant Pride is correctly named in Gatson's Complaint.